IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GWENDOLYN FISH, Administrator, <br> the Estate of JAMES WILKINS, SR., <br> <br> Plaintiff <br> <br> vs. <br> <br> UNITED STATES OF AMERICA, <br> <br> Defendant | Case No. 2:08-cv-00919 <br> Judge Gary L. Lancaster/ <br> Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I.  RECOMMENDATION

This is a two count wrongful death and survival action brought pursuant to the Federal Tort Claims Act ("FTCA" or "the Act"), 28 U.S.C. § 2671 et seq., by the Plaintiff, Gwendolyn Fish ("Fish" or "the Plaintiff"), as Administrator of the estate of James Wilkins, Sr. ("Wilkins"). In her Complaint (Doc. 1), Fish alleges that medical professionals, Anthony Elisco, D.O. ("Elisco"), and Roberto Bendoni, M.D.("Bendoni"), both deemed to be employees of the United States, were negligent in providing medical care to Wilkins, and that this negligence caused Wilkins's death on December 30, 2002. The United States ("the Defendant," or "the Government") filed the pending Partial Motion to Dismiss or, In the Alternative, Motion for Partial Summary Judgment (Doc.11). In this Motion, the Defendant asks that the Plaintiff's personal injury claim be dismissed with prejudice, or that summary judgment be granted with respect to this claim, due to the Plaintiff's failure to exhaust administrative remedies. The Court

recommends that the Partial Motion to Dismiss be granted. [1]           .

II.     REPORT

   A. Background

On December 30, 2004, Fish filed an action for wrongful death in the Court of Common Please of Lawrence County, Pennsylvania, alleging negligence on the part of Elisco, Bendoni, and other defendants. On March 22, 2005, the Government, alleging that the action fell within the scope of the FTCA, which grants the federal courts exclusive jurisdiction over claims made under the Act, removed the suit to this Court. Because, as medical professionals treating Wilkins, the Defendants were acting within the scope of their federal employment[2] when the alleged negligence occurred, the United States was substituted as the Defendant.

In May 2006, this Court dismissed Fish's claims with prejudice, finding that she had not filed an administrative claim with HHS and had, therefore, failed to exhaust administrative remedies as mandated by the Act. Fish made the required administrative filing in a timely manner on June 21, 2006. Her claim was denied initially in April 2007, and on reconsideration in January 2008. This timely suit followed.

---

[1] Because the Court finds that this Motion and the documents offered in support are appropriately evaluated under Fed. R. Civ. P. 12(b)(1), it need not address the Motion for Partial Summary Judgment.

[2] The facility in which Wilkins was treated, was part of the Primary Health Network ("the Network") in New Castle, Pennsylvania. The Network received funding from the United States Department of Health and Human Services ("HHS"), making Elisco and Bendoni employees of the federal government for purposes of this litigation. Both the FTCA and the Public Health Service Act provide that actions arising under their provisions must be brought against the United States rather than against the federal employee who is alleged to have been negligent. See 28 U.S.C. § 2679(d)(2); 42 U.S.C. § 233(c).

B. Standard of Review

1. Motion to Dismiss for Lack of Subject Matter Jurisdiction

When the existence of subject matter jurisdiction is challenged pursuant to Fed.R.Civ.P. 12(b)(1), the Court is "not confined to the allegations in the complaint . . . and can look beyond the pleadings to decide factual matters relating to jurisdiction." Cestonaro v. United States, 211 F.3d 749, 754 (3d Cir. 2000). "[T]he Court is free to weigh the evidence and satisfy itself whether it has power to hear the case.... [N]o presumptive truthfulness attaches to plaintiff's allegations." Carpet Group Int'l v. Oriental Rug Importers Ass'n, 227 F.3d 62, 69 (3d Cir. 2000). The party asserting subject matter jurisdiction bears the burden of proving that it exists. Id.

C. Analysis

The Motion filed by the United States is based on its contention that Fish is not entitled to pursue the survival claim set out in Count II of her Complaint because she failed to exhaust administrative remedies with respect to this portion of her suit. The Court agrees.

The facts underlying this matter are not in dispute, nor is the Government's basic outline of the controlling law. The parties agree that, as a general rule, the United States is immune from suit. This immunity bars claims against the government, unless the government consents to be sued. Alden v. Maine, 527 U.S. 706 ,755 (1999). The terms and conditions of that consent, where it is granted, define the limits of the federal courts' subject matter jurisdiction in those cases where the United States is a defendant. West v. Gibson, 57 U.S. 212, 224 (1999). The FTCA permits claims against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b). The right

to bring suit under the FTCA is, however, limited by the requirements that a plaintiff first exhaust administrative remedies. The FTCA requires that an administrative claim be filed with the appropriate agency - here HHS - and that a final written denial of the claim be sent to and received by the claimant before she may proceed in federal court. See 28 U.S.C.§ 2675(a). "The requirements of [this section] are jurisdictional and cannot be waived." Robinson v. U.S. Navy, 342 F. Supp. 381, 383 (E.D. Pa. 1972) (citing Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971).

"The statutory language is clear that a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely." Wilder v. Luzinski, 123 F. Supp. 2d 312, 313 (E.D. 2000) (citing McNeil v. United States, 508 U.S. 106, 111 (1993)); Wujick v. Dale & Dale, Inc., 43 F.3d 790, 793-94 (3d Cir.1994) (noting that administrative exhaustion under FTCA is mandatory). Regulations describe how a claim under the FTCA is to be submitted for administrative review:

> [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages *in a sum certain* . . . for personal injury, or death . . . [a]lleged to have occurred by reason of the incident . . . .

28 C.F.R. § 14.2(a) (emphasis added).

The notification of a claim need not be a model of pleading perfection, but must: (1) be sufficient to enable the agency to investigate; and (2) place a value on the claim. Tucker v. U.S. Postal Serv., 676 F.2d 954, 959 (3d Cir. 1992). These submissions are necessary in order to give the Government "minimal notice" of the circumstances surrounding the claim, so that it is

4

equipped to mount a defense or settle. Id. at 958. The requirement that the claim state a specific dollar sum is jurisdictional and may not be waived. See Spawr v. United States, 796 F.2d 279, 280 (9th Cir.1986). Therefore, "[a] claim which does not set out the amount of damages sought is not a claim." Robinson, 342 F. Supp. at 383.

This Court is asked to decide whether Fish's Form 95 as submitted to HHS presented a claim for personal injury within the meaning of Section 2675(a). The Government, referring to Doc.12, Exs. A, B, and C, contends that although Fish's notice was adequate with respect to the wrongful injury claim, it failed to set out a personal injury claim:

> A review of [Fish's] SF 95 makes plain . . . that it asserts a claim for wrongful death only. With regard to the "Amount of Claim" in section 12 of the form, plaintiff claimed $750,000 in damages in box 12, entitled "Wrongful Death," for a total of $750,000 in box 12d. Notably, plaintiff claimed no damages in box 12b, entitled "Personal Injury." Nor does any part of the narrative accompanying the claim describe damages sought for any losses other than for the death of James Wilkins, Sr. Moreover, subsequent correspondence from HHS' claim office characterizes the claim as one for wrongful death. Plaintiff's counsel raised no objection to that claim in further correspondence.

(Doc. 12 at 6) (internal record references omitted).

Fish responds that there is nothing in the form or the governing regulations to inform a claimant that it is necessary to place a damage figure in the "Personal Injury" box on Form 95 *and* to place a separate figure in the box marked "Wrongful Death":

> Throughout the form and the regulations reference to [sic] the three types of claims is disjunctive, property damage, personal injury or death, in almost all instances. The exception being in the instructions of [sic] the reverse of the form which instruct the claimant [,] "If claimant intends to file claim for both personal injury and property damage, claim for both must be

5

> shown in item 12 of this form." No such instruction to segregate
> personal injury and wrongful death claims is provided to a
> claimant who intends to make a claim for pain and suffering
> endured by a decedent prior to his death.

(Doc 15 at Argument ¶ 1).[3] According to Fish, the evidence submitted in support of her claim "is replete with references to the suffering Mr. Wilkins endured prior to his death," id. at ¶2 , and the "Plaintiff's Standard Form 95 gave the Department of Health and Human Services all of the notice it needed to investigate and value [the survival claim]." Id. at ¶ 4.

The problem with Fish's argument is that the evidence supporting her claim was *not* replete with references to pain and suffering; the submissions relate only to Mr. Wilkins's medical conditions. They do not contain information that would permit the HHS to calculate the value of Fish's personal injury claim without engaging in pure speculation. The reasoning of the Court in Scally v. Veteran's Admin., No. 03-CV- 4208, 2005 WL 1498880 (S.D. Ill. June 23, 2005), applies with equal force here:

> While a legally sophisticated reader of [the] claim
> form could have realized that a Survival . . . claim existed,
> there is no way such a reader could have discerned . . .
> a claim for the [decedent]'s pain suffering or injury. . .
> [The claimant] clearly omitted any mention of [the
> decedent]'s personal injury prior to his death. Similarly,
> she left blank the space designated for asserting an
> amount of damages for personal injury, filling in
> only the wrongful death box. . . [I]n the absence of even

---

[3]It is necessary to cite to unnumbered paragraphs in the Plaintiff's brief because the pages and paragraphs are not numbered in these filings. The Court also notes that the Plaintiff's brief does not comply Local Rule 5.1, which requires that filings be double-spaced.

As to Fish's contention that the statute and regulations are written in the disjunctive such that a claimant is forced to choose between filing a personal injury and a wrongful death claim, a review of the relevant case law should have been sufficient to cast doubt upon this interpretation. A phone call to HHS or a practitioner familiar with FTCA litigation, or review of FTCA practice manuals should have been able to eliminate any confusion.

> the barest hint that [the claimant] was pursuing damages
> for anything other than wrongful death, the Court can make
> no such finding. Furthermore [her] failure to place a value
> on her claim for [the decedent]'s pain, suffering and injury
> constitutes a failure to properly present the claim to the VA.

Id. at *3 (citing Charlton v. United States, 743 F.2d 557, 559-60 (7th Cir. 1984)).

Fish, like the Plaintiff in Scally, cannot escape the fact that she failed to include in her claim a sum certain - or any sum at all - for damages attributable to pain and suffering. Although the facts underlying the wrongful death and survival claims may be the same for purposes of establishing negligence, the witnesses and evidence as to damages for each claim will likely be quite different. See, e.g., Medlantic Long Term Care Corp. v. Smith ex rel. Estate of Ferguson, 791 A.2d 25,34 (D. Md. 2002). The opinion of the Court of Appeals for the Third Circuit, discussing Pennsylvania law, provides general insight into why this is so. A "wrongful death action is one which is created for the benefit of and is . . . intended to compensate [survivors] for the pecuniary loss suffered because of the decedent's death." Miller v. Philadelphia Geriatric Ctr., 463 F.3d 266, 271 (3d Cir. 2006). By contrast, a survival action "is a continuation of the personal injury action held by the decedent at the time of his . . . death." Id. at n.4. When, as here, the government is not provided with a sum certain reflecting the value of a claim, its ability to settle the claim is significantly impaired. "[T]he agency should not be asked to settle half a claim, without some idea of the extent of the other half." Robinson, 342 F. Supp. at 383.

III.     CONCLUSION

The Court finds that Fish is limited to damages in the amount claimed in her notice to the

7

HHS.[4] As a result, it is respectfully recommended that the Defendant's Partial Motion to Dismiss (Doc. 11 ) be granted, and Count II of this Complaint be dismissed. Because the two-year statute of limitations included in the Government's waiver of sovereign immunity under the FTCA has expired,[5] the dismissal must be with prejudice.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4. B., the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

---

[4]28 U.S.C.A. § 2675 (b) reads:
Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

[5]"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Mr. Wilkins died on December 30, 2002. Suit was filed initially one day before the two year statute of limitations expired. Fish's wrongful death claim is not time barred because the original state court action was filed within two years of Wilkins' death and, when that suit was dismissed for failure to exhaust administrative remedies, Fish filed a wrongful death claim with HHS within sixty days. According to Section 2679(d)(5) of the Act:

"Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if--

(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 16 March, 2009

cc: Hon. Gary L. Lancaster
United States District Judge

All counsel of record by Notice of Electronic Filing